This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Joseph Martin appeals the sentence imposed upon him by the Summit County Court of Common Pleas. This Court affirms in part, and reverses in part.
 I.
Martin was indicted by the Summit County Grand Jury on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1). On August 4, 2000, Martin withdrew his plea of not guilty and entered a plea of guilty. On September 5, 2000, the trial court sentenced Martin to ten years imprisonment.
Martin has appealed, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO SENTENCE HIM PURSUANT TO THE STATUTORY GUIDELINES OF [R.C.] 2929.11, 2929.12, AND 2929.14 IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
 In his first assignment of error, Martin argues that the trial court failed to satisfy statutory prerequisites to the imposition of a maximum sentence. This Court disagrees.
The Ohio Supreme Court has determined that trial courts must make findings and give reasons to support those findings before imposing sentences in which "minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally." State v.Edmonson (1999), 86 Ohio St.3d 324, 325. This Court has interpretedEdmonson to require trial courts to use language "that is close, if not identical, to the statutory criteria when articulating its findings."State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported.
A trial court may impose the maximum term of imprisonment only upon the satisfaction of one of four statutorily prescribed criteria. R.C.2929.14(C). In this case, the only two applicable criteria are whether Martin committed the worst form of the offense or poses the greatest likelihood of committing future crimes. Id.
In reviewing the record, the trial court stated the following in its journal entry of sentence: "(6) Anything less would demean the seriousness of the offense; (7) Offender poses the greatest likelihood of committing future crimes[.]" The trial court's seventh finding virtually restates one of the mandatory criteria set forth in R.C. 2929.14(C). This Court concludes that the trial court has satisfied its statutory duty under R.C. 2929.14(C).
Martin's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT COMPLYING WITH [R.C.] 2929.12(B)(3) CONCERNING POST RELEASE CONTROL AND "BAD TIME" ENHANCEMENTS.
 In his second assignment of error, Martin essentially argues two points: (1) that he was prejudiced by the trial court's omission of a charge regarding "bad time" while under incarceration; and (2) the trial court failed to advise him of the ramifications of violation the terms of post-release control. This Court affirms in part, and reverses in part.
 A. "Bad Time"
R.C. 2967.11 provided so-called "bad time" for those committing offenses while incarcerated. The Ohio Supreme Court determined that R.C. 2967.11 was unconstitutional as a violation of the separation of powers. State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, syllabus. Accordingly, the absence of a trial court instruction regarding "bad time" under R.C. 2967.11 caused him no prejudice.
 B. Ramifications of violating post-release control
In State v. Grundy (Dec. 9, 1998), Summit App. No. 19016, unreported, this Court stated:
 R.C. 2929.19(B)(3)(c) requires the trial court to notify an offender who is convicted of a second degree felony that following his release from prison he will be subject to a period of post-release control pursuant to R.C. 2967.28. In this case, the trial court's journal entry clearly indicates that Defendant will be subject to post-release control following his imprisonment. The court specifically stated:
 After release from prison, the Defendant is ordered subject to post-release control to the extent the parole board may determine as provided by law.
 Thus, the trial court complied with R.C. 2929.19(B)(3)(c). However, R.C. 2929.19(B)(3)(e) requires the court to notify the offender of the ramifications of violating a post-release control sanction. The court in this instance failed to notify Defendant of the possible penalties for violating a post-release control sanction. Therefore, the trial erred by not complying with R.C. 2929.19(B)(3)(e).
 Here, Martin committed a felony of the first degree, making him subject to a period of post-release control. See R.C. 2911.01 and 2967.28. As in Grundy, the journal entry of sentence advised Martin that he was subject to post-release control, but failed to advise him of the ramifications of a violation of post-release control, as mandated by R.C. 2929.19(B)(3)(e). Accordingly, the matter is remanded so that the trial court can advise Martin in accordance with R.C. 2929.19(B)(3)(e).
This Court is mindful of the fact that many resources will be engaged for what seems a trivial matter. But mandatory terms in a sentencing statute are not trivial. Careful adherence to the sentencing statutes by the trial courts will insure the preservation of judicial and executive resources.
Martin's second assignment of error is sustained as to the absence of an instruction regarding R.C. 2929.18(B)(3)(e). The actual term of imprisonment is unaffected by this remand.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 ______________________________________ DONNA J. CARR
BATCHELDER, P.J., BAIRD, J. CONCUR.